IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FATIMAH MARTIN,                       :
             Plaintiff,            :
                           :      1:14-cv-806
      v.                            :
                           :      Hon. John E. Jones III
PA DEPARTMENT OF                      :
CORRECTIONS, *et al.*,                :
             Defendants.           :

## MEMORANDUM

## December 18, 2014

## I.   BACKGROUND

On April 28, 2014, Plaintiff, Fatimah Martin, an inmate currently confined at

the State Correctional Institution in Muncy, Pennsylvania, ("SCI-Muncy"), filed a

*pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The named

Defendants were two state agencies: the state Department of Corrections and SCI-

Muncy.  (*Id.*).  On April 30, 2014, Magistrate Judge Martin C. Carlson screened

the complaint and recommended that it be dismissed without prejudice, but that

Plaintiff be granted the opportunity to file an amended complaint.  (Doc. 7).

After being granted leave to amend, Plaintiff filed an amended complaint on

June 17, 2014.  (Doc. 11).  On September 3, 2014, this Court screened the

amended complaint and again determined that Plaintiff failed to adequately allege

violations of her constitutional rights.  (Doc. 13).  Plaintiff was therefore directed

to file a second amended complaint.  (*Id.*).  To date, Plaintiff has not filed a second amended complaint.

Thus far, Plaintiff has been granted three extensions of time to file her second amended complaint.  (Docs. 14, 15, 16, 18, 19, 20).  Presently pending before the Court is Plaintiff's fourth motion for extension of time.  (Doc. 21).  For the following reasons, the motion will be denied and the matter will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute.  *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  In so doing, the Court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

### A.    Analysis of the Poulis Factors

#### 1.    *The extent of the party's personal responsibility*

A *pro se* plaintiff is responsible for his or her failure to comply with a

Court's orders. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

Plaintiff initiated this action in April 2014.  (Doc. 1).  Plaintiff's second amended

complaint was originally due on or about September 23, 2014.  (Doc. 13).

Thereafter, Plaintiff was granted three enlargements of time, until November 20,

2014, to file a second amended complaint.  (Docs. 14, 15, 16, 18, 19, 20).  Plaintiff

was warned that extensions of time would only be granted upon a showing of good

cause, and she was repeatedly warned that failure to comply with Court orders may

result in dismissal of this action.  (Docs. 13, 18, 20).  Plaintiff nevertheless failed

to file a second amended complaint.

In November 2014, Plaintiff filed a fourth motion for extension of time,

indicating that the fellow inmate helping her with this action was placed in the

restricted housing unit, and is therefore unavailable to offer her services.  (Doc.

21).  However, Plaintiff is solely responsible for moving this litigation forward and

a fellow inmate does not have authority to act as her legal counsel.  Plaintiff has

failed to establish good cause warranting a fourth enlargement of time.  *See Marsh

v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk

was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."); *Bravo v. Unger*, 2014 WL 201472, *4 (S.D.N.Y. 2014) ("the Court is not persuaded that reliance on the advice of a 'jailhouse lawyer' constitutes good cause for petitioner's failure to comply with [the Judge's] explicit instructions."). Moreover, on December 1, 2014, the inmate assisting Plaintiff filed a document requesting until December 10, 2014 to file Plaintiff's second amended complaint. (Doc. 22). Again, Plaintiff has failed to file a second amended complaint. At this point, the Court has been waiting several months for Plaintiff to move this case forward and concludes that she is personally responsible for failing to comply with Court orders.

2. *The prejudice to the adversary*

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotations and citations omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874. However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis*

4

*T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988).  It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  *Ware*, 322 F.3d at 222.

In this case, Plaintiff's failure to file a second amended complaint and failure to comply with Court orders wholly frustrates and delays the resolution of this action.  In such instance, Defendants are plainly prejudiced by Plaintiff's continuing inaction, and dismissal of the case clearly rests in the discretion of the judge.  *Tillio v. Mendelsohn*, 256 Fed. Appx. 509 (3d Cir. 2007) (concluding that failure to timely serve pleadings compels dismissal); *Azubuko v. Bell National Organization*, 243 Fed. Appx. 728 (3d Cir. 2007) (stating that failure to file an amended complaint prejudices defense and compels dismissal).

### 3.    *A history of dilatoriness*

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (determining that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

As is clear from the procedural background of this case, Plaintiff failed to comply with multiple deadlines.  Rather than file her second amended complaint, Plaintiff has continually requested continuances from the Court.  Based on this conduct, the Court finds that over the past several months, Plaintiff has consistently delayed this matter to the extent that her conduct constitutes a "continuous stream of dilatory conduct."  *See Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008).

     4.   *Whether the conduct of the party or the attorney was willful or in bad faith*

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith."  *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson*, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence).  Over the past several months, Plaintiff has engaged in intentional and self-serving conduct in that she has sought extensions of time yet failed to follow through on any promises of action in furtherance of prosecution.

     5.   *Effectiveness of sanctions other than dismissal*

Ordinarily, a District Court must consider the availability of sanctions

alternative to dismissal.  *Poulis*, 747 F.2d at 869.  However, where a plaintiff is

proceeding *pro se*, and is proceeding *in forma pauperis*, as in the instant case, it

has been found that no alternative sanctions exist because monetary sanctions,

including attorney's fees, "would not be an effective alternative."  *Emerson*, 296

F.3d at 191.  When the Court is faced with lack of cooperation on the part of the

individual that brought the action, the only appropriate sanction is dismissal.

### 6.    *Meritoriousness of the claim*

"A claim, or defense, will be deemed meritorious when the allegations of the

pleadings, if established at trial, would support recovery by plaintiff or would

constitute a complete defense."  *Poulis*, 747 F.2d at 869-70, *citing United States v.*

*$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Feliciano v.*

*Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687

F.2d 761, 764 (3d Cir. 1982).  The standard for a Rule 12(b)(6) motion to dismiss

is utilized in determining whether a claim is meritorious.  *Poulis*, 747 F.2d at

869-70.  A claim, or defense, is considered meritorious when the allegations of the

pleading, if established at trial, would support recovery by the plaintiff.  *Id*.

This Court has already concluded that Plaintiff failed to state a valid cause of

action, but permitted her the opportunity to amend her pleadings, which she has

failed to do.  In the amended complaint, Plaintiff alleged that her constitutional

rights were violated at disciplinary hearings at SCI-Muncy, prison officials failed to protect her from being assaulted by another inmate, she received inadequate medical care, prison officials retaliated against her, and she set forth various claims regarding conditions of confinement and denial of life's necessities.  (*Id.*).

In the screening Memorandum, it was initially determined that any official capacity claims against the State Department of Corrections and SCI-Muncy were barred by the Eleventh Amendment.  (Doc. 11, pp. 3-4).  It was then determined that Plaintiff failed to adequately allege personal involvement of individuals named in the amended complaint.  (*Id.* at pp. 4-7).  The Court noted that it was difficult to decipher whether Plaintiff was naming certain individuals as Defendants, or simply referencing them in the factual description.  (*Id.* at p. 6).  Additionally, this Court determined that the amended complaint contained several general allegations and that such "bare conclusory allegations are insufficient."  (*Id.* at p. 7) (citing *Flanagan v. Shively,* 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (McClure, J.) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993)).

The Court examined Plaintiff's alleged constitutional violations and

8

determined that the claims were insufficiently pled.  (Doc. 11 at pp. 7-26).  She was therefore granted the opportunity to cure the defects outlined in the September 3, 2014 Memorandum.  (*Id.*).  Plaintiff has neglected to file a second amended complaint.

**B.      Balancing the Poulis Factors**

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint.  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Following a full analysis of the factors, it is clear that the majority of the six factors weigh heavily in favor of dismissal of the action for failure to prosecute.

A separate Order will be issued.